UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

MICHAEL GRANT,

    Plaintiff,

v.                                    Case NO.: 2:23-CV-14101-DMM

DISTRICT BOARD OF TRUSTEES FOR
FOR INDIAN RIVER STATE COLLEGE,
FLORIDA, a Florida Not for Profit
Corporation,

    Defendant.
_____/

## THE PARTIES' JOINT DISCOVERY PLAN

COME NOW Plaintiff, Michael Grant (hereinafter "Plaintiff" or "Grant"), and Defendant, District Board of Trustees for Indian River State College, ("Defendant" or "DBTIRSC"), by and through their undersigned attorneys, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, as well as the terms of this Court's Pretrial Scheduling Order and Order Referring This Case to Mediation, issued on June 2, 2023, and file their Joint Discovery Plan as follows:

**1.**     **An estimated valuation of the case from the perspective of Plaintiff and Defendant.**

Plaintiff presently estimates the value of his case to be $150,000. By contract, Defendant presently estimates the value of Plaintiff's case to be no more than $25,000. The parties state that their respective valuations of this case may change over the course of this litigation.

**2.**     **The date for exchanging initial disclosures pursuant to Rule 26(a)(1).**

The parties have agreed to exchange Rule 26(a)(1) Initial Disclosures on or before Friday, July 7, 2023.

1

9711051v1

3. **The subjects on which discovery is needed.**

The parties seek discovery on all matters deemed relevant and proportional to the surviving Title VII claim asserted in Plaintiff's Amended Complaint and the defenses asserted in Defendant's Answer, Defenses and Affirmative Defenses to Plaintiff's Amended Complaint.

4. **Whether parties can agree to limit discovery on particular issues through stipulation.**

At this early stage in the litigation, the parties are not prepared to stipulate to placing any specific limitations on discovery, other than to state that any limitations on discovery set forth in the Federal Rules of Civil Procedure, and the Local Rules of this Court, will be observed.

5. **What document discovery is needed?**

At the present time, both parties have propounded first requests for production of documents and things to the other party. The parties each anticipate possibly propounding additional discovery requests to the other party, as well as serving subpoenas to third parties pertaining to documentation in the possession of those third parties that is relevant and proportional to the surviving Title VII claim asserted in Plaintiff's Amended Complaint and the defenses asserted in Defendant's Answer, Defenses and Affirmative Defenses to Plaintiff's Amended Complaint.

6. **Whether discovery should be conducted in phases.**

The parties do not request that discovery be conducted in phases.

7. **Whether the Parties expect to have disclosure, discovery, or preservation of electronically stored information, and if so, explain: (a) the main information sought; (b) the expected costs of e-discovery; and (c) whether alternatives to e-discovery are possible.**

The parties anticipate that they may engage in some forms of e-discovery in this case and that they may be asked to produce electronic documents during the course of discovery in this case. The parties further anticipate that the majority of e-discovery will involve e-mails, text messages, and/or social media postings. The parties agree to work cooperatively, where possible, to reduce the cost and volume of e-discovery through the use of e-discovery software such as Relativity; however, the costs of such discovery will be borne by the parties seeking the e-discovery. Presently, the parties are not aware of any specific alternatives to e-discovery, but do not rule out the use of such alternatives if they are available, effective, and mutually agreeable to the parties.

8. **What individuals each side intends to depose.**

At the present time, Plaintiff intends to depose Christina Hart, Elizabeth Gaskin, Melissa Prochaska and Emily Mass.

At the present time, Defendant intends to depose Plaintiff, any healthcare providers who have treated Plaintiff for any emotional distress, mental anguish, and/or pain and suffering damages that Plaintiff claims are attributable to Defendant's acts as alleged in his Amended Complaint, as well as any expert witnesses that Plaintiff identifies during the course of discovery.

Both parties reserve the right to conduct additional depositions during the applicable discovery period, should they determine the need to do so, subject to the limitation upon the number of depositions each party may take under Rule 30 of the Federal Rules of Civil Procedure.

**9.     Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

At the present time, the parties are not aware of specific issues regarding claims of privilege and/or confidentiality that will require their joint or unilateral submission of a motion for consent protective order; however, they request permission to file such motions in the future should such a need arise.

**10.     What changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules.**

The parties do not presently request any changes to the limitations placed on discovery as imposed by either Federal Rules of Civil Procedure or the Local Rules of this Court. However, they do reserve the right to seek to extend the current discovery deadline, and subsequent case management and trial deadlines, as set forth in the Joint Scheduling Order, in accordance with the instructions contained in this Court's Paperless Order dated June 19, 2023.

**11.     Whether early mediation or a settlement conference with a Magistrate Judge prior to the close of discovery would be helpful.**

The parties do not request either an early mediation or a settlement conference before a Magistrate Judge prior to the conclusion of the discovery period. The parties have agreed to conduct a mediation conference promptly after the conclusion of the discovery period in this case on September 15, 2023. The parties have selected Kevin Shaughnessy, Esquire, as their mediator and request that they be permitted to conduct this mediation conference remotely using videoconferencing technology.

DATED this 22nd day of June, 2023.

Respectfully submitted,

| | |
|---|---|
| CONSTANGY, BROOKS, SMITH & PROPHETE, LLC<br>Post Office Box 41099<br>Jacksonville, Florida 32203<br>Telephone: (904) 356-8900<br>Facsimile: (904) 356-8200<br><br>By: /s/ F. Damon Kitchen<br>Margaret P. Zabijaka<br>Florida Bar No. 199880<br>mzabijaka@constangy.com<br>F. Damon Kitchen<br>Florida Bar No. 861634<br>dkitchen@constangy.com<br><br>Attorneys for Defendant, District Board of Trustees for Indian River State College | THE LEACH FIRM, P.A.<br>631 S. Orlando Avenue, Suite 300<br>Winter Park, Florida 32789<br>Telephone: (407) 543-6976<br>Facsimile: (833) 813-7512<br><br>By: /s/ Julien W. Maynard<br>Anthony Hall, Esquire<br>Florida Bar No. 40924<br>ahall@theleachfirm.com<br>Julien W. Maynard, Esquire<br>Florida Bar No. 1035332<br>jmaynard@theleachfirm.com<br><br>Attorneys for Plaintiff, Michael Grant |

9711051v1